## BLISS v. CARROLL.

No. 8732; December 23, 1885.

9 Pac. 88.

**Bonded Warehouse Receipts — Storage of Liquors.** — Where brandy manufactured for the owner by a licensed distiller is stored in a United States bonded warehouse, regulated by the act of Congress of March 3, 1877, and the treasury regulations of May 15, 1877, in order to delay the payment of the revenue tax, such laws requiring brandy to be stored in a distiller's name, but not requiring the distiller to be the owner, if the warehouse receipt was issued to the distiller, and he subsequently sold the liquor to another, without authority, and transferred the receipt to him, the purchaser was a bona fide purchaser for value and without notice, and the owner of the liquor was entitled to a return of his property on paying to such purchaser his payments for warehouse charges and the government tax.

APPEAL from Superior Court, City and County of San Francisco.

Latimer & Morrow and Frederick S. Stratton for appellant; George Cadwalader for respondent.

ROSS, J.—The findings show the plaintiff, Bliss, to be the true owner of the brandy in controversy. It was manufactured by one Belden, who was a licensed United States distiller, for the assignor of the plaintiff, for a certain sum per gallon. The brandy was made of grapes belonging to plain-

tiff's assignor, who, in order that the payment of the government tax of ninety cents per gallon might be delayed, in accordance with the laws of the United States, caused Belden to store it in a United States bonded warehouse. The law of the United States in respect to the matter required that such brandy should be stored in the name of the distiller, and it was accordingly done, Belden receiving a warehouse receipt therefor in his name. Subsequently, without any authority from Bliss, and without his knowledge, Belden sold the brandy to the defendant, Carroll, and transferred the warehouse receipt to him, and Carroll had another issued in his own name. Carroll paid Belden value for the brandy, and purchased it in good faith, and without any notice of any interest therein on the part of Bliss. As soon as the latter learned of the sale by Belden to Bliss, he tendered the amount of the government tax due on the brandy, together with the charges of the warehousemen, and demanded of the defendants that the brandy be transferred to his name on the records of the warehouse and on the records of the office of internal revenue, and be delivered to plaintiff, or his order, upon the payment of the taxes and charges, all of which was refused. Afterward, Carroll paid the government tax and removed the brandy.

The warehouse in which the brandy in question was stored was not an ordinary warehouse under the general commercial system of the country, but was a special bonded one, controlled and regulated by the act of Congress of March 3, 1877, and special treasury regulations of date May 15, 1877. The law governing the matter—of which all persons are bound to take notice—requires that all grape brandy placed therein shall be stored in the name of the distiller, but does not require that the distiller shall be the owner. He may or may not be. And of that fact all persons are bound to take notice. The plaintiff did not intrust Bliss with the brandy for the purpose of sale or transfer, but it was stored in the latter's name because the law said it should be so stored. We are of opinion that the facts of the case do not bring it within any exception to the general rule that a vendee acquires only the title of his vendor, and that the true owner can recover the possession of his property in the hands of a bona fide purchaser. But as defendant, Carroll, was required to pay

the government tax and the warehouse charges upon the brandy, it is but right that a refunding of the amounts so paid be imposed as a condition to the recovery by plaintiff.

Judgment reversed and cause remanded, with directions to the court below to render judgment upon the findings in plaintiff's favor against defendant, Carroll, for a return of the property, or its value, upon the payment or tender by plaintiff to said defendant of the amount of such tax and charges.

We concur: Morrison, C. J.; Sharpstein, J.; Myrick, J.; McKinstry, J.; Thornton, J.